# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00591-CR

**Harvey Cyphers, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT**
**NO. 9014132, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING**

---

Appellant Harvey Cyphers appeals from his conviction for the unlawful possession of a firearm by a felon. *See* Tex. Pen. Code Ann. ' 46.04 (West Supp. 2002). Appellant=s punishment assessed by the jury is imprisonment for five years and seven months and a fine of $5,000. On appeal, appellant complains that the evidence is factually insufficient and that the trial court erred in failing to quash Count II of the indictment. In addition, appellant complains that he did not have effective assistance of trial counsel. We will affirm the judgment.

## Background

On January 19, 2001, authorized by an arrest warrant, City of Austin police officers went to a house at 6808 Montana Street to arrest appellant for violating the conditions of his parole. The officers found appellant in bed and arrested him. While on the premises, officers saw in open view marijuana and cocaine. With this information, the officers obtained a search warrant. In searching the house, the officers found a .243 caliber bolt action Remington Model 700 rifle under the

bed in which appellant had been lying when he was arrested. Appellant was indicted for intentionally and knowingly possessing a firearm after he had been convicted of a felony and before the fifth anniversary of his release from parole. *See* Tex. Pen. Code Ann. ' 46.04 (West Supp. 2002).

### Factual Sufficiency

In his fourth point of error, appellant asserts that the evidence is factually insufficient to prove he possessed a firearm.[1] Appellant has not challenged the legal sufficiency of the evidence. Therefore, appellant concedes the legal sufficiency of the evidence to support every element of the charged offense, including his possession of the firearm.[2]

In a factual sufficiency review, we are required to give deference to the jury=s verdict and examine all of the evidence impartially, setting aside the jury verdict Aonly if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.@ *Cain v. State*, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App.

---

[1] Appellant does not claim that the evidence is insufficient to prove his prior felony conviction or that less than five years had elapsed since his release on parole after his conviction of the predicate offense.

[2] A factual sufficiency review begins with the presumption that the evidence supporting the verdict was legally sufficient. *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996); *Roberson v. State*, 16 S.W.3d 156, 171 (Tex. App.C Austin 2000, pet. ref'd); *Stone v. State,* 823 S.W.2d 375, 381 (Tex. App.C Austin 1992, pet. ref=d untimely filed)*.).*

2

1996).  The complete and correct standard a reviewing court must follow to conduct a *Clewis* factual sufficiency review is to determine whether a neutral review of all of the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  The standard or review is the same whether the evidence is direct, circumstantial, or both.  *See Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999); *Banda v. State*, 890 S.W.2d 42, 50 (Tex. Crim. App. 1994).

Specifically, appellant argues that the State did not prove that he was in exclusive possession of the house where the firearm was found, and that additional facts and circumstances were insufficient to show that he knew the firearm was in the house or that he exercised control over the firearm.  Therefore, appellant contends that the evidence is factually insufficient to show he possessed the firearm found under his bed.[3]

When arrested, appellant was in bed with a female acquaintance.  Appellant=s female acquaintance, who did not live in the house, was allowed to leave the premises.  The only other occupant of the house was appellant=s uncle, Robert Thorne, who was asleep in another bedroom.  Witnesses testified that Thorne was an elderly man whose age they estimated was eighty or eighty-two years.

---

[3] APossession@ means actual care, custody, control, or management.  Tex. Pen. Code Ann. ' 1.07(a)(39) (West 1994).  *See Young v. State*, 752 S.W.2d 137, 141 (Tex. App.CDallas 1988, pet. ref=d).

The rifle found under the bed was within reach of someone on the bed.  The rifle was clean, well cared for, and in a case.  There were two live cartridges in the rifle=s magazine.  An ammunition box for .243 caliber rifle cartridges was on top of a dresser in the bedroom.  Just outside the door, on the driveway, officers found three .243 caliber spent cartridge casings.  This evidence might indicate that the rifle had been fired recently.

There were two vehicles on the premises; both vehicles were registered in appellant=s name.  A wrought iron gate in the fence surrounding the house displayed appellant=s initials, AHLC.@  Appellant=s father owned the house where appellant was arrested.  Appellant=s father and appellant=s uncle, Arthur Cyphers, both testified that appellant lived in the house where he was arrested.  The address on appellant=s driver=s license was 6808 Montana Street.  Envelopes addressed to appellant at 6808 Montana Street were found in the house; these envelopes included those from two banks and the Travis County Probation Office.  A State of Texas motor boat certificate in appellant=s name showing his address as 6808 Montana Street was also found in the house.  Appellant conducted an automobile window tinting business on the premises.  Business cards for that business were found in the house.

Appellant rested his defense without offering any evidence.  There was no direct evidence that anyone other than appellant owned or had control over the rifle.  The evidence, direct and circumstantial, is sufficient to support the jury=s verdict and the implicit finding that appellant lived in the house, knew the rifle was under his bed, and exercised control over the rifle.

After examining all of the evidence impartially and giving deference to the jury=s verdict, we conclude that the jury=s verdict is not so contrary to the overwhelming weight of the evidence as to be

**4**

clearly wrong and unjust. Moreover, from our neutral review of all of the evidence both for and against the jury=s verdict, we find it fails to show that the proof of appellant=s guilt is so obviously weak as to undermine confidence in the jury=s determination, or that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. The evidence is factually sufficient to support the jury=s verdict. Appellant=s fourth point of error is overruled.

## **Motion to Quash**

In his third point of error, appellant asserts that the trial court erred in denying his motion to quash Count II of the indictment. In the two-count indictment, the State used two separate felony convictions as predicate offenses for its allegations that appellant was a felon who possessed a firearm.

It was alleged, that

Harvey Cyphers, on or about the 19th day of January A.D. 2001, and before the presentment of this indictment, in the County of Travis, and State of Texas, did then and there intentionally and knowingly possess a firearm, to-wit: Remington Model 700 Rifle, and prior to the commission of said act, Harvey Cyphers on the 19th day of May 1993, in cause number 93-0683 in the 331st Judicial District Court of Travis County, Texas, had been convicted of the felony offense of Possession of a Controlled Substance, and the possession of the firearm as alleged above was after conviction for said felony and before the fifth anniversary of the release of Harvey Cyphers from parole,

Count II

And the Grand Jury further presents that Harvey Cyphers, on or about the 19th day of January A.D. 2001, and before the presentment of this indictment, in the County of Travis, and State of Texas, did then and there intentionally and knowingly possess a firearm, to-wit: Remington Rifle, and prior to the commission of said act, Harvey Cyphers on the 4th day of September 1992, in cause number 92-3626 in the 331st Judicial District Court of Travis County, Texas, had been convicted of a felony offense and the possession of the firearm as

5

alleged above was after conviction for said felony and before the fifth anniversary of the release of Harvey Cyphers from supervision under community supervision.

In his motion to quash Count II, appellant urged that his conviction in cause number 92-3626 could not be used as the predicate offense for the offense alleged in Count II. In cause number 92-3626, appellant was granted community supervision. In the order discharging appellant from community supervision, the court ordered the judgment of conviction set aside, dismissed the indictment, and released appellant from all penalties and disabilities resulting from his conviction in cause number 92-3626.[4]

---

[4] In entering this order discharging appellant from community supervision and from all penalties and disabilities resulting from that conviction, the trial court exercised its discretionary authority pursuant to the provisions of the Code of Criminal Procedure, which provides:

**Reduction or Termination of Community Supervision**

Sec. 20. (a) At any time, after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge. Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty.

Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 2002).

Appellant relies on *Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim. App. 2002). *Cuellar* was decided after the trial of this case and after the trial court=s refusal to quash Count II. The court in *Cuellar* held that a conviction could not be used as a predicate conviction in prosecuting a felon for possession of a firearm, when the felon had received community supervision and was thereafter discharged pursuant to the discretionary provisions of article 42.12, section 20. In view of the *Cuellar* decision, the denial of appellant=s motion to quash Count II constituted error.

We must decide whether the failure to quash Count II of the indictment was error that affected the substantial rights of appellant. Errors that do not affect an appellant=s substantial rights must be disregarded. Tex R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury=s verdict. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (citing *King*, 953 S.W.2d at 271). A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but slight effect. *Id*. (citing *Johnson*, 967 S.W.2d at 417). In assessing the likelihood that the jury=s decision was adversely affected by the error, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury=s consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in this case. The reviewing court might also consider the jury instruction given by the trial judge, the State=s theory and any defensive theories, closing arguments and even voir dire, if material to appellant=s claim. *Id*. (citing *Llamas v. State*, 12 S.W.2d 469, 471 (Tex. Crim. App. 2000)).

In *Cuellar*, the predicate conviction used was a conviction in which Cuellar had been discharged from community supervision and released from all penalties and disabilities pursuant to the discretionary provisions of article 42.12, section 20. *See Cuellar*, 70 S.W.3d at 820. In this case, appellant=s conviction is based on the first count of the indictment, not on Count II. The predicate conviction used in the first count does not have the same defect as the predicate conviction used in Count II or that used in *Cuellar*.

When the indictment was read to the jury, Count II was included. However, at the guilt innocence phase of the trial, there was no evidence to support the allegations of Count II, and when the State closed, and before the jury was charged, the trial court granted appellant=s motion for a directed verdict on Count II.

After examining the entire record, we conclude that there is little likelihood that the error had a substantial and injurious effect on the jury=s verdict; from our review of the record, we have fair assurance that the error did not influence the jury or had but slight effect. Appellant=s third point of error is overruled.

## Assistance of Counsel

In his first two points of error, appellant insists that he did not have effective assistance of trial counsel, because counsel failed to seek the exclusion of unlawfully obtained evidence. To show ineffective assistance of counsel, appellant must show that: (1) counsel=s performance was deficient, in that counsel made such serious errors that he was not functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Cardenas v. State*, 30 S.W.3d 384, 391 (Tex. Crim. App.

**9**

2000); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Shaw v. State*, 874 S.W.2d 115, 118 (Tex. App.CAustin 1994, pet. ref=d).

Appellant concedes that the warrant issued for his arrest as a parole violator was valid. However, in his first point of error, he faults his trial counsel for failing to challenge the Aillegal execution@ of the arrest warrant. Appellant argues that in executing the arrest warrant, the officers gained the information used to obtain the search warrant which led to the finding and seizure of the rifle. Appellant contends that no facts in the record support a reasonable belief that Aappellant was in the residence prior to entry into the residence. Therefore, the law would have required suppression at pre-trial or at trial of the firearm which was discovered while the officers executed the search warrant.@ We must first determine whether the execution of the arrest warrant was done in an unlawful manner, before we can determine whether trial counsel=s performance was deficient. A[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.@ *Payton v. New York*, 445 U.S. 573, 603 (1980); *see also Morgan v. State*, 963 S.W.2d 201, 203 (Tex. App.CHouston [14th Dist.] 1998, no pet.).

An officer executing an arrest warrant may enter a residence if he reasonably believes the premises entered is the residence of the person named in the warrant and that that person is in the residence at the time the arrest warrant is executed. *Morgan*, 963 S.W.2d at 204; *Reno v. State*, 882 S.W.2d 106, 108 (Tex. App.CFort Worth 1994, pet. ref=d). In executing an arrest warrant, it shall always be made known to the accused under what authority the arrest is made. *See* Tex. Code Crim. Proc. Ann. art. 15.26 (West 1977). In case of a felony, the officer may break down the door of any house for the purpose of

**10**

making an arrest if the officer is refused admittance after giving notice of his authority and purpose. *Id*. art. 15.25.

Before going to 6808 Montana Street, the officers had evidence that appellant lived there. The officer=s knowledge that appellant lived at 6808 Montana Street came from a police database, prior offense reports, and appellant=s driver=s license records. Also, ten days before they executed the parole violation arrest warrant, there were complaints that appellant was selling methamphetamine out of his house. After a surveillance of the house, officers stopped appellant=s vehicle and arrested him for possession of a controlled substance. At that time, appellant told the arresting officers he lived at 6808 Montana Street. When the officers approached the house to execute the arrest warrant, they saw two vehicles on the premises that they knew were registered in appellant=s name.

The evidence that the officers had when they executed the arrest warrant was sufficient to support a reasonable belief that appellant lived at 6808 Montana Street and that he was in the house at that time. Based on the law and the record, execution of the arrest warrant was lawful. Trial counsel had no reason to challenge the manner in which the arrest warrant was executed. Appellant has failed to demonstrate that trial counsel=s performance was deficient. Appellant=s first point of error is overruled.

In his second point of error, appellant claims that his trial counsel was ineffective for failing to seek exclusion from evidence the firearm he was charged with possessing and the evidence of its seizure. Appellant contends that police officers unlawfully obtained this evidence by violating the criminal trespass law.

The Texas criminal trespass law provides in pertinent part that a person commits a criminal trespass if he knowingly enters or remains on property of another without the other=s effective consent and he had notice that his entry was forbidden by fencing or other enclosure obviously designed to exclude intruders. *See* Tex. Pen. Code Ann. ' 30.05(a)(1)(b)(2)(B) (West Supp. 2002). Appellant argues that the fence with a locked gate, that surrounded the house in which the firearm was seized and in which appellant was arrested, gave officers notice that their entry was forbidden. Appellant contends that the law would have required suppression of the firearm and evidence about its seizure if trial counsel had properly raised the issue.

Appellant cites and relies on article 38.23 of the Code of Criminal Procedure, which in pertinent part provides:

**Art. 38.23.  Evidence not to be used**

(a)  No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

(b)  It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp. 2002).

A police officer has the duty to execute all lawful process issued to the officer by any magistrate or court. *See* Tex. Code Crim. Proc. Ann. art. 2.13(b)(2) (West Supp. 2002). A police

officer=s actions are justified if the officer reasonably believes his conduct is required by law in the execution of legal process. *See* Tex Pen. Code Ann. ' 9.21 (West 1994).

Here, the officers came to the house where they reasonably believed appellant was living and present. The officers= purpose was to execute an arrest warrant issued for appellant=s arrest as a parole violator. The house was surrounded by a fence with a locked gate. The officers announced their presence and purpose for being there. When they got no response, they called their supervisor, and he told the officers to cut the lock on the gate. They did so, entered the yard, and gained entrance to the house where they executed the warrant arresting the appellant. The officers were justified in cutting the lock and entering the yard if they reasonably believed they were authorized to do so by law to execute the warrant and arrest appellant.

Appellant has failed to demonstrate that trial counsel=s performance was deficient for failing to challenge the manner in which the officers entered appellant=s property. Appellant=s second point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally[*]

Affirmed

Filed: July 26, 2002

Do Not Publish

\*  Before Carl E. F. Dally, Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).